UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

THE CITY OF NEW YORK,

    Plaintiff,

  -against-          INDEX NO. 22-CV-05525 (JMF)

ARM OR ALLY LLC, RAINIER ARMS, LLC,
SALVO TECHNOLOGIES, INC. D/B/A "80P
BUILDER," ROCK SLIDE USA, LLC, AND
INDIE GUNS LLC,

    Defendants.

----------------------------------------------------------x

## STIPULATION AND ORDER OF SETTLEMENT

This Stipulation and Order of Settlement (the "Settlement") is entered into by and among the following parties (the "Parties") as of the ___ day of _August_ 2022: (i) The City of New York (the "City") and (ii) Rainier Arms, LLC ("Rainier Arms").

### RECITALS

**WHEREAS**, the Administrative Code of the City makes it unlawful to transfer, give away, give, lease, loan, keep for sale, offer for sale, sell, or otherwise dispose of an unfinished frame or receiver to a person in New York City. NYC Admin. Code § 10-301(8), (22), 10-314;

**WHEREAS**, New York Penal Law prohibits the possession and sale in New York State of unfinished frames and receivers and ghost guns. N.Y. Penal Law §§ 265.01(9)-(10), 265.60, 265.61, 265.63, 265.64;

**WHEREAS**, on June 29, 2022 the City filed the instant complaint against Rainier Arms and others (SDNY, Index No. 22-cv-05525 (JMF)) (the "Action") alleging (1) violation of NY

1

General Business Law 898-c, and (2) common law public nuisance by virtue of violations of City and State law prohibiting the possession and sale of unfinished or unserialized frames or receivers; and asking the Court (a) to enjoin Rainier Arms from selling, shipping, distributing, delivering, or otherwise supplying unfinished frames or receivers to New York City; and (b) to order Rainier Arms to abate the nuisance created by its violations; and

**WHEREAS**, the Parties now desire to settle the Action on terms and conditions just and fair to the Parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, as follows:

### DEFINITIONS

1. <u>Dispose of</u>: To dispose of, give away, give, lease, loan, keep for sale, offer, offer for sale, sell, transfer and/or otherwise dispose of.

2. <u>Frame or Receiver</u>: A frame or receiver is (1) part of a firearm, rifle, shotgun or assault weapon that provides housing for the hammer, bolt or breechblock, and firing mechanism, and that is usually threaded at its forward portion to receive the barrel; and/or (2) a frame or receiver as defined in City, New York State or Federal law or regulation.

3. <u>Identifying Information</u>: Identifying information, as used in paragraph 12b, herein, means all information associated with the online or digital sale or purchase of an unfinished frame or receiver, including, without limitation, (1) complete account information for the purchaser, including email address(es), phone number(s) and form(s) of payment; (2) the complete shipping address provided for the purchase, and (3) any IP (internet protocol) address information associated with the purchase.

4.  <u>Serialized</u>: Serialized means bearing a visible identification number and/or symbol in accordance with the requirements imposed on licensed importers and licensed manufacturers pursuant to subsection (i) of Section 923 of Title 18 of the United States Code and regulations issued pursuant thereto.

5.  <u>Unfinished Frame or Receiver</u>: An unfinished frame or receiver is a piece of material that does not at present constitute the frame or receiver of a firearm, rifle, shotgun, or assault weapon, but that has been shaped or formed in any way so as to become a frame or receiver of a firearm, rifle, shotgun, or assault weapon by modification by the user (by milling, drilling, or other means), and that is not serialized.

## **SETTLEMENT**

6.  The Parties shall take all necessary steps to obtain Court approval of this Settlement.

7.  Within three (3) business days of execution of the Settlement, (1) Plaintiff's Counsel shall submit the Settlement to the Court with a request that the Court so order it; and (2) Defendant Rainier Arms shall take steps to begin performance of the obligations set out below in paragraphs 9-12.

8.  Once the Settlement has been "So Ordered" by the Court, and Defendant Rainier Arms has completed the obligations set out in paragraphs 10-12, the Parties shall execute and Plaintiff shall file with the Court a Stipulation of Dismissal of the Action as against Defendant Rainier Arms, with prejudice. Upon the Court's entry of the Stipulation of Dismissal, this Action is dismissed as against Rainier Arms and all rights of appeal are waived. If the Court denies the request to "So Order" the Settlement, the Settlement shall be deemed null and void.

## **PARTIES' OBLIGATIONS**

9. Prior to the date of this agreement, Defendant Rainier Arms has removed all unfinished frames or receivers from its website and has ceased the sale of unfinished frames or receivers. Nevertheless, Defendant Rainier Arms shall hereby agree to immediately permanently cease, and is hereby permanently enjoined from, selling or otherwise disposing of unfinished frames or receivers in the future to any resident of New York City and from shipping, causing to ship, delivering or causing to deliver unfinished frames or receivers in the future to any address located within New York City for as long as the NYC Administrative Code and/or New York Penal Law in any way prohibit the sale, transfer, lease, loan, offer for sale, disposition, and/or possession in New York City and/or New York State of unfinished frames or receivers and/or ghost guns.

10. Defendant Rainier Arms shall continue to prohibit at all of its online or digital point-of-sale locations, including on its currently operational retail website (www.rainierarms.com) and on any future retail website operated by Rainier Arms and/or its members, the sale or disposition of unfinished frames or receivers to any resident of New York City and/or the shipping or delivery of them to any address located within New York City.

11. Within two weeks (14 days) of execution of the Settlement, Defendant Rainier Arms shall implement a technological bar to the completion of any sales or deliveries described in paragraphs 9 and 10 by ensuring the coding or programming of its software and/or website, and/or the retrofitting of its hardware to prevent the completion of (1) any online, digital, or telephone sale or other disposal of unfinished frames or receivers to any resident of New York City and/or (2) any shipment and/or delivery of unfinished frames or receivers to any address located within New York City.

12. Within two weeks (14 days) of execution of the Settlement, Defendant Rainier Arms shall provide the City with the following, all of which the parties acknowledge would have been obtainable in discovery:

    a. all documents in the possession or control of Rainier Arms and/or its members which evidence sales or other disposals of unfinished frames or receivers by Rainier Arms to a resident of New York City or deliveries of the same to a New York City address between February 23, 2020 and the date of execution of the Settlement;

    b. all identifying information about the purchasers and/or recipients of the unfinished frames or receivers from Rainier Arms described in paragraph a, whether contained in the documents described in paragraph a, or otherwise retained or retrievable by Rainier Arms through forensic means.

13. The Parties agree that, with respect to any documents or identifying information provided by Rainier Arms pursuant to paragraph 12:

    a. The City shall not publicize or otherwise publicly disclose such documents and/or identifying information;

    b. The City may make such documents and/or identifying information available to any City agency, including the New York City Police Department ("NYPD") and the Office of the Sheriff;

    c. The City, including all of its agencies, shall treat such documents and/or identifying information as law enforcement sensitive material; and

    d. To the extent the City receives a request for such documents and/or identifying information pursuant to New York's Freedom of Information

Law ("FOIL"), it shall respond to such request no differently than it responds to other FOIL requests for law-enforcement sensitive materials.

## JURISDICTION

14. The Parties agree to submit all disagreements arising under or relating to this Stipulation to the Court, and hereby consent to the Court's exercise of jurisdiction over all such disagreements.

## ENFORCEMENT

15. Any Party that believes that any other Party has breached the terms of the Settlement shall notify the other Party in writing of the nature and specifics of the alleged breach at least five (5) business days before any motion or action to enforce the terms of the Settlement is commenced or filed. Such written notice shall be accompanied by copies of any documents or data relied upon for the claimed breach. Unless otherwise resolved, the Parties shall meet and confer within the five (5) business day period following such notice to discuss the claimed breach and possible solutions. If no resolution is reached within five (5) business days following written notice of the claimed breach, the Party alleging the breach may file a motion or action seeking enforcement of the terms of the Settlement, including without limitation, the remedies set forth in paragraphs 16 and 17 below.

16. Breach by either Party of the terms of this Settlement shall constitute contempt of Court and the complaining Party may move the Court for an order finding the Party in breach to be in contempt, and requesting any penalties the Court sees fit to impose for such contempt.

17. Breach by Rainier Arms of the terms of paragraphs 9-11 shall entitle the City to liquidated damages in the amount of $10,000.00 for each breach, and the City may move

the Court for an order awarding such liquidated damages, provided that a single completed sale or delivery as a result of mistake or inadvertence would not subject Rainier Arms to liquidated damages the first time it occurs. If a Court finds Rainier Arms to have breached the Settlement and/or to be in contempt pursuant to the City's motion or action, Rainier Arms agrees to pay the City all reasonable costs of obtaining such findings and enforcing the Settlement, including attorneys' fees, expenses, and court costs.

18. The City reserves all rights to pursue any and all available remedies for violation of the Settlement. Nothing herein shall limit the City's remedies in the event of breach of the Settlement by Rainier Arms. Any remedies specified herein are in addition to any and all remedies available at law or equity.

19. Any motion or action to enforce the terms of the Settlement shall be filed or commenced in the Southern District of New York.

## GENERAL PROVISIONS

20. The Settlement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time or written agreement entered into prior to the execution of the Settlement regarding the subject matter of the Action shall be deemed to bind the Parties hereto or to vary the terms and conditions contained herein.

21. Any notice, document or information exchange, or other communication required by, or made pursuant to, the Settlement shall be sent by electronic mail, or by first class mail upon request, to the Parties at the addresses specified below.

<u>To the City</u>

Eric Proshansky
Melanie Ash
Doris Bernhardt
New York City Law Department

100 Church Street, Rm 20-099
New York, NY 10007
eproshan@law.nyc.gov
mash@law.nyc.gov
dbernhard@law.nyc.gov

To Defendant Rainier Arms

Christopher D. Adams
Jessica M. Carroll
331 Newman Springs Road
River Centre Building 1, Suite 122
Red Bank, NJ 07701
cadams@greenbaumlaw.com
jcarroll@greenbaumlaw.com

Christopher M. Chiafullo
The Chiafullo Group LLC./FFLGuard
244 Fifth Ave., Suite 1960
New York, NY 10001
chris.chiafullo@fflguard.com

22. This Stipulation and Order of Settlement is final and binding upon the Parties, their successors, and their assigns.

23. The Parties expressly represent and warrant that they have full legal capacity to enter into the Settlement; that they have carefully read and fully understand the Settlement; that they have had the opportunity to review this Settlement with their attorney and/or have chosen not to retain or to consult with an attorney; and that they have executed this Settlement voluntarily, and without duress, coercion or undue influence.

24. The failure of any Party to insist upon strict adherence to any term of the Settlement on any occasion shall not be considered a waiver of such Party's rights or deprive such Party of the right thereafter to insist upon strict adherence to that term or any other term of the Settlement.

Dated: August 24, 2022
       New York, New York

                       HON. SYLVIA O. HINDS-RADIX
                       *CORPORATION COUNSEL OF THE CITY OF NEW YORK*

                       _____

                       Eric Proshansky
                       Melanie Ash
                       Doris Bernhardt
                       New York City Law Department
                       100 Church Street, Rm 20-99
                       New York, NY 10007
                       Telephone: (212) 356-2032
                       eproshan@law.nyc.gov

                       *Attorneys for Plaintiff*


Dated: August 23, 2022
       Red Bank, New Jersey

                       GREENBAUM, ROWE, SMITH & DAVIS LLP

                       _____

                       Jessica M. Carroll
                       Christopher D. Adams (phv)
                       331 Newman Springs Road
                       River Centre Building 1, Suite 122
                       Red Bank, NJ 07701
                       Telephone: (732) 476-2692
                       jcarroll@greenbaumlaw.com

                       *Attorneys for Defendant*

IT IS HEREBY ORDERED that:

1. This Stipulation is entered as an order of the Court and thereby takes effect immediately.

DATED: August 24, 2022

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE