UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

THE CITY OF NEW YORK,

        Plaintiff,

   -against-                            INDEX NO. 22-CV-05525 (JMF)

ARM OR ALLY LLC, RAINIER ARMS, LLC,
SALVO TECHNOLOGIES, INC. D/B/A "80P
BUILDER," ROCK SLIDE USA, LLC, AND
INDIE GUNS LLC,

              Defendants.
---------------------------------------------------------x

## STIPULATION AND ORDER OF SETTLEMENT

     This Stipulation and Order of Settlement (the "Settlement") is entered into by and among

the following parties (the "Parties") as of the _1st_ day of _September_ 2022: (i) The City of New

York (the "City") and (ii) Salvo Technologies, Inc. d/b/a "80P Builder" ("Salvo Technologies").

## RECITALS

     **WHEREAS**, the Administrative Code of the City provides, *inter alia*, that:

     no person shall dispose of or possess an unfinished frame or receiver; and

     ["dispose of" means] to dispose of, give away, give, lease, loan, keep for sale, offer, offer

for sale, sell, transfer and otherwise dispose of. NYC Admin. Code §§ 10-301(8), 10-314;

     **WHEREAS**, New York Penal Law provides, *inter alia*, that:

     a person is guilty of criminal sale of an unfinished frame or receiver in the second degree

when, knowing it is an unfinished frame or receiver, such person unlawfully sells, exchanges, gives

or disposes of an unfinished frame or receiver...; and

1

a person is guilty of criminal sale of an unfinished frame or receiver in the first degree when, knowing they are unfinished frames or receivers, such person unlawfully sells, exchanges, gives or disposes of a total of ten or more unfinished frames or receivers in a period of not more than one year. N.Y. Penal Law §§ 265.63, 265.64;

**WHEREAS**, on June 29, 2022 the City filed the instant complaint against Salvo Technologies and others (SDNY, Index No. 22-cv-05525 (JMF)) (the "Action") alleging (1) violation of NY General Business Law 898-c, and (2) common law public nuisance by virtue of violations of City and State law prohibiting the possession and sale of unfinished or unserialized frames or receivers; and asking the Court (a) to enjoin Salvo Technologies from selling, shipping, distributing, delivering, or otherwise supplying unfinished frames or receivers to New York City; and (b) to order Salvo Technologies to abate the nuisance created by its violations; and

**WHEREAS**, the Parties now desire to settle the Action on terms and conditions just and fair to the Parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, as follows:

## <u>DEFINITIONS</u>

1.    <u>Dispose of</u>: To dispose of, give away, give, lease, loan, keep for sale, offer, offer for sale, sell, transfer and/or otherwise dispose of.

2.    <u>Frame or Receiver</u>: A frame or receiver is (1) part of a firearm, rifle, shotgun or assault weapon that provides housing for the hammer, bolt or breechblock, and firing mechanism, and that is usually threaded at its forward portion to receive the barrel; and/or (2) a frame or receiver as defined in City, New York State or Federal law or regulation.

3.  <u>Identifying Information</u>: Identifying information, as used in paragraph 13c, herein, means all information associated with the online or digital sale or purchase of an unfinished frame or receiver, including, without limitation, (1) complete account information for the purchaser, including email address(es), phone number(s) and form(s) of payment; (2) the complete shipping address provided for the purchase, and (3) any IP (internet protocol) address information associated with the purchase.

4.  <u>Serialized</u>: Serialized means bearing a visible identification number and/or symbol in accordance with the requirements imposed on licensed importers and licensed manufacturers pursuant to subsection (i) of Section 923 of Title 18 of the United States Code and regulations issued pursuant thereto.

5.  <u>Unfinished Frame or Receiver</u>: An unfinished frame or receiver is a piece of material that does not at present constitute the frame or receiver of a firearm, rifle, shotgun, or assault weapon, but that has been shaped or formed in any way so as to become a frame or receiver of a firearm, rifle, shotgun, or assault weapon by modification by the user (by milling, drilling, or other means), and that is not serialized.

## **<u>SETTLEMENT</u>**

6.  The Parties shall take all necessary steps to obtain Court approval of this Settlement.

7.  Within three (3) business days of execution of the Settlement, (1) Plaintiff's Counsel shall submit the Settlement to the Court with a request that the Court so order it; and (2) Defendant Salvo Technologies shall take steps to begin performance of the obligations set out below in paragraphs 9-12.

8.      Once the Settlement has been "So Ordered" by the Court, and Defendant Salvo Technologies has completed the obligations set out in paragraphs 10-12, the Parties shall execute and Plaintiff shall file with the Court a Stipulation of Dismissal of the Action as against Defendant Salvo Technologies, with prejudice. Upon the Court's entry of the Stipulation of Dismissal, this Action is dismissed as against Salvo Technologies and all rights of appeal are waived. If the Court denies the request to "So Order" the Settlement, the Settlement shall be deemed null and void.

## PARTIES' OBLIGATIONS

9.      Defendant Salvo Technologies shall immediately permanently cease, and is hereby permanently enjoined from, selling or otherwise disposing of unfinished frames or receivers to any resident of New York City and from shipping, causing to ship, delivering or causing to deliver unfinished frames or receivers to any address located within New York City.

10.     Within thirty (30) days of execution of the Settlement, Defendant Salvo Technologies shall post or otherwise include prominent language at all of its online or digital point-of-sale locations, including on its currently operational retail website (www.80pbuilder.com) and on any future retail website operated by 80P Builder or by Salvo Technologies under any other business name, providing notice that it will not sell or otherwise dispose of unfinished frames or receivers to any resident of New York City or ship or deliver them to any address located within New York City.

11.     Within thirty (30) days of execution of the Settlement, Defendant Salvo Technologies shall implement a technological bar to the completion of any sales or deliveries described in paragraphs 9 and 10 by ensuring the coding or programming of its software and/or website, and/or the retrofitting of its hardware to prevent the completion of (1) any online, digital,

or telephone sale or other disposal of unfinished frames or receivers to any resident of New York City and/or (2) any shipment and/or delivery of unfinished frames or receivers to any address located within New York City.

12.     To the extent Defendant Salvo Technologies ceases entirely the sale or other disposal of unfinished frames and receivers, whether from its currently operational retail website (www.80pbuilder.com) or on any other current or future retail website operated by 80P Builder or by Salvo Technologies under any other business name, it shall notify the City in writing that such sales or other disposal have ceased, and the date of cessation, and provide documentary proof of such cessation. The City shall be entitled to take steps to confirm such information and Salvo Technologies agrees to cooperate in any such confirmation efforts. Within three (3) business days of delivery to the City of notification, or within three (3) business days of providing confirming information to the City if the City has sought such information, whichever is later, Salvo Technologies shall be relieved of the obligation to post or otherwise include language at its online or digital point-of-sale locations as provided in paragraph 10, and the obligation to implement a technological bar to the completion of sales or deliveries as provided in paragraph 11; provided that, in the event Salvo Technologies resumes the sale or other disposal of unfinished frames or receivers, it shall be obligated to notify the City in writing within three (3) business days, and its obligation to comply with paragraphs 10 and 11 shall immediately resume upon notification.

13.     Within thirty (30) days of execution of the Settlement, Defendant Salvo Technologies shall provide the City with the following:

a.   all documents in the possession or control of Salvo Technologies which evidence sales or other disposals of unfinished frames or receivers by Salvo Technologies to a resident of New York City or deliveries of the same to a

New York City address between the date of acquisition of Salvo
Technologies by current owners (March 21, 2021) and the date of execution
of the Settlement;

b. all documents which evidence sales or other disposals of unfinished frames
or receivers by Salvo Technologies to a resident of New York City or
deliveries of the same to a New York City address between February 23,
2020 and the date of acquisition of Salvo Technologies by current owners
(March 21, 2021), to the extent such documents are in the possession or
control of, or can be obtained by, Salvo Technologies;

c. all identifying information about the purchasers and/or recipients of the
unfinished frames or receivers from Salvo Technologies described in
paragraphs a and/or b, whether contained in the documents described in
paragraphs a and/or b, or otherwise retained or retrievable by Salvo
Technologies through forensic means.

14. The Parties agree that, with respect to any documents or identifying
information provided by Salvo Technologies pursuant to paragraph 13:

a. The City shall not publicize or otherwise publicly disclose such documents
and/or identifying information;

b. The City may make such documents and/or identifying information
available to any City agency, including the New York City Police
Department ("NYPD") and the Office of the Sheriff;

c. The City, including all of its agencies, shall treat such documents and/or
identifying information as law enforcement sensitive material; and

d. To the extent the City receives a request for such documents and/or identifying information pursuant to New York's Freedom of Information Law ("FOIL"), it shall respond to such request no differently than it responds to other FOIL requests for law-enforcement sensitive materials.

## JURISDICTION

15.     The Parties agree to submit all disagreements arising under or relating to this Stipulation to the Court, and hereby consent to the Court's exercise of jurisdiction over all such disagreements.

## ENFORCEMENT

16.     Any Party that believes that any other Party has breached the terms of the Settlement shall notify the other Party in writing of the nature and specifics of the alleged breach at least five (5) business days before any motion or action to enforce the terms of the Settlement is commenced or filed. Such written notice shall be accompanied by copies of any documents or data relied upon for the claimed breach. Unless otherwise resolved, the Parties shall meet and confer within the five (5) business day period following such notice to discuss the claimed breach and possible solutions. If no resolution is reached within five (5) business days following written notice of the claimed breach, the Party alleging the breach may file a motion or action seeking enforcement of the terms of the Settlement, including without limitation, the remedies set forth in paragraphs 17 and 18 below.

17.     Breach by either Party of the terms of this Settlement shall constitute contempt of Court and the complaining Party may move the Court for an order finding the Party in breach to be in contempt, and requesting any penalties the Court sees fit to impose for such contempt.

18.     Breach by Salvo Technologies of the terms of paragraphs 9-12 shall entitle the City to liquidated damages in the amount of $10,000.00 for each breach, and the City may move the Court for an order awarding such liquidated damages, provided that a single completed sale or delivery as a result of mistake or inadvertence would not subject Salvo Technologies to liquidated damages the first time it occurs. If a Court finds Salvo Technologies to have breached the Settlement and/or to be in contempt pursuant to the City's motion or action, Salvo Technologies agrees to pay the City all reasonable costs of obtaining such findings and enforcing the Settlement, including attorneys' fees, expenses, and court costs.

19.     The City reserves all rights to pursue any and all available remedies for violation of the Settlement. Nothing herein shall limit the City's remedies in the event of breach of the Settlement by Salvo Technologies. Any remedies specified herein are in addition to any and all remedies available at law or equity.

20.     Any motion or action to enforce the terms of the Settlement shall be filed or commenced in the Southern District of New York.

## GENERAL PROVISIONS

21.     The Settlement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time or written agreement entered into prior to the execution of the Settlement regarding the subject matter of the Action shall be deemed to bind the Parties hereto or to vary the terms and conditions contained herein.

22.     Any notice, document or information exchange, or other communication required by, or made pursuant to, the Settlement shall be sent by electronic mail, or by first class mail upon request, to the Parties at the addresses specified below.

To the City

> Eric Proshansky
> Melanie Ash
> Doris Bernhardt
> New York City Law Department
> 100 Church Street, Rm 20-099
> New York, NY 10007
> eproshan@law.nyc.gov
> mash@law.nyc.gov
> dbernhard@law.nyc.gov

To Defendant Salvo Technologies

> Brian Barnes
> David H. Thompson
> Cooper & Kirk PLLC
> 1523 New Hampshire Ave, NW
> Washington, DC 20036
> bbarnes@cooperkirk.com
> dthompson@cooperkirk.com

23.    This Stipulation and Order of Settlement is final and binding upon the Parties, their successors, and their assigns.

24.    The Parties expressly represent and warrant that they have full legal capacity to enter into the Settlement; that they have carefully read and fully understand the Settlement; that they have had the opportunity to review this Settlement with their attorney and/or have chosen not to retain or to consult with an attorney; and that they have executed this Settlement voluntarily, and without duress, coercion or undue influence.

25.    The failure of any Party to insist upon strict adherence to any term of the Settlement on any occasion shall not be considered a waiver of such Party's rights or deprive such Party of the right thereafter to insist upon strict adherence to that term or any other term of the Settlement.

Dated: August __, 2022
New York, New York

HON. SYLVIA O. HINDS-RADIX
*CORPORATION COUNSEL OF THE CITY OF NEW YORK*

_____

Eric Proshansky
Melanie Ash
Doris Bernhardt
New York City Law Department
100 Church Street, Rm 20-99
New York, NY 10007
Telephone: (212) 356-2032
eproshan@law.nyc.gov

*Attorneys for Plaintiff*

Dated: August 31, 2022
Washington, DC

COOPER & KIRK PLLC

_____

David H. Thompson
Brian Barnes
1523 New Hampshire Ave, NW
Washington, DC 20036
Telephone (202) 220-9600
dthompson@cooperkirk.com

*Attorneys for Defendant*

IT IS HEREBY ORDERED that:

1. This Stipulation is entered as an order of the Court and thereby takes effect immediately.

DATED: _____    _____
                                                             THE HONORABLE JESSE M. FURMAN
                                                             UNITED STATES DISTRICT JUDGE

10